UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**BIOPOLYMER ENGINEERING, INC.,**      Civil No. 05-536 (JNE / SRN)
**d/b/a BIOTHERA, a Minnesota**
**corporation,**

                 **Plaintiff,**           **REPORT & RECOMMENDATION**

             v.

**IMMUNOCORP, a California**
**corporation, and BIOTEC**
**PHARMACON ASA, a Norwegian**
**corporation,**

                **Defendants.**

---

     Darren B. Schwiebert, Fredrikson & Byron, P.A., 200 South Sixth Street, Minneapolis, MN 55402-1425, for Plaintiff.

     Susan A. Cahoon, Kilpatrick Stockton LLP, 1100 Peachtree Street, Suite 2800, Atlanta, GA 30309-4530, and Edward M. Laine, Oppenheimer Wolff & Donnelly LLP, Plaza VII, Suite 3300, 45 South Seventh Street, Minneapolis, MN 55402-1609, for Defendants.

---

MAGISTRATE JUDGE SUSAN RICHARD NELSON

     This matter comes before the undersigned United States Magistrate Judge on Defendants' Motion to Dismiss (Doc. No. 118). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons stated below, the Court recommends that the motion to dismiss be denied and that it be converted to a motion for summary judgment.

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

     Plaintiff Biopolymer Engineering, Inc., d/b/a Biothera, owns seven U.S. Patents. Defendants Immunocorp, a California corporation, and Biotec Pharmacon ASA, a Norwegian corporation, manufacture and distribute products that Plaintiff alleges infringe its patents.

Accordingly, Plaintiff sued Defendants for patent infringement. Counts VIII-XIV of the Amended Complaint generally allege infringement with respect to the importation into the United States of soluble beta-glucan. Pursuant to Rule12(b), Defendants moved to dismiss those Counts, claiming they are exempt from infringement liability under 35 U.S.C. § 271(e)(1), which permits the importation of a product into the United States for the sole purpose of testing and other activities related to the Food and Drug Administration's review of such products.

Defendants supported their motion by relying on matters outside of the pleadings, including various factual submissions. (See Doc. Nos. 121 & 122.) Following Plaintiff's response opposing the motion, Defendants filed a reply memorandum reiterating their motion to dismiss, and requesting, in the alternative, that the Court convert it into a motion for summary judgment.

## II.   DISCUSSION

Defendants' motion to dismiss relies on matters outside of the pleadings. Such a motion should be treated as one for summary judgment. Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992); see Fed. R. Civ. P. 12(b). But the issue of exemption from liability under Section 271(e)(1) is not yet ripe for adjudication. In fact, the parties are presently still in discovery on the issue of liability under Section 271(e)(1), which is currently scheduled to close on February 1, 2007. (Fourth Amended Joint Pretrial Scheduling Order (Aug. 28, 2006), at p. 9.)

Accordingly, the Court recommends that the present motion to dismiss be converted into a motion for summary judgment. Instead of ordering Defendants to file a new motion for summary judgment and supporting memorandum, the Court will accept Defendants' present briefing and supporting declarations as their initial submission on that motion. Once discovery is complete, Plaintiff will have the opportunity to respond and Defendants the opportunity to

reply.

### III. CONCLUSION

Defendants' motion to dismiss should be converted into a motion for summary judgment, with the remainder of briefing to be deferred until after the relevant discovery is complete.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Docket No. 118), be DENIED;

2. Defendants' motion to dismiss (Docket No. 118), be converted into a motion for summary judgment;

3. Plaintiff shall file a memorandum in response to the motion for summary judgment within 30 days of the close of discovery on this issue, that is, by March 5, 2007;

4. Defendants may file a reply memorandum, limited to a maximum of five pages, within seven days of the filing of Plaintiff's response.

Dated: January 5, 2007

   s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by January 19, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.